USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW COURT
------------------------------------------------------------ X
                                                 :
MEDINE SAVIDES,                              :
                            Plaintiff,    :
                                                 :          18 Civ. 4621 (LGS)
              -against-                     :
                                                 :          **OPINION AND ORDER**
UNITED HEALTHCARE SERVICES, INC.,  :
                                      Defendant.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Medine Savides, Executrix of the Estate of Helen Krafft, brings this action alleging that Defendant United Healthcare Services, Inc. ("United Healthcare") violated the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., by failing to reimburse Plaintiff for certain hospice room and board expenses. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint (the "Complaint") as time barred under the terms of the applicable healthcare plan. For the following reasons, Defendant's motion is denied.

## I. BACKGROUND

       The following facts are taken from the Complaint and accepted as true only for the purposes of this motion. *See Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016).

       Ms. Krafft, the decedent for whom Plaintiff is executrix, was insured under a United Healthcare Plan ("the Plan"). The Plan covered Hospice Care and Services, including room and board. From January 2011 to March 2012, Ms. Krafft received hospice services, including room and board, through a United Healthcare in-network provider. For these services, Ms. Krafft was billed about $132,000, which she paid out-of-pocket.

Beginning in February 2011 through July 2015, Plaintiff submitted claims and appeals to United Healthcare for reimbursement of Ms. Krafft's hospice room and board. In a letter to Plaintiff dated August 14, 2015, United Healthcare stated that it would process Plaintiff's claim, and specifically said, "Based on the information reviewed, we are pleased to inform you that we will process the claim(s) relevant to this service(s) accordingly. Please note you are responsible for any applicable copayment, coinsurance, and/or deductible as stated in your Benefit Plan." However, Plaintiff never received payment.

On March 19, 2018, Plaintiff initiated this action in New York State Court. Defendant removed the proceeding to this Court on May 24, 2018.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). On a Rule 12(b)(6) motion, "'all factual allegations in the complaint are accepted as true and all inferences are drawn in the plaintiff's

favor.'" *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 59 (2d Cir. 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 306 (2d Cir. 2015)).

"A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted). "Even where a document is considered integral to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist[s] no material disputed issues of fact regarding the relevance of the document." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (internal quotation marks and citation omitted). "[T]he requirement that there be no dispute about the authenticity of documents integral to the complaint has been interpreted strictly: even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of a document render consideration impermissible." *Mbody Minimally Invasive Surgery, P.C. v. United Healthcare Ins. Co.*, No. 14 Civ. 2495, 2016 WL 4382709, at *7 (S.D.N.Y. Aug. 16, 2016) (internal quotation marks omitted).

## III. DISCUSSION

Because the Plan cannot be considered on this motion to dismiss, Defendant's motion is denied. Although the Plan is relevant and integral to the Complaint, Plaintiff objects to the accuracy and authenticity of the Plan that Defendant proffers. Plaintiff maintains that Defendant did not show that it followed appropriate procedures to amend Plaintiff's Plan, provided Plaintiff with appropriate notice or that Plaintiff ever received a copy of the 2009 Plan. Since "even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of

3

a document render consideration impermissible," *Mbody Minimally Invasive Surgery*, 2016 WL 4382709, at *7 (internal quotation marks omitted), Plaintiff's objections prevent consideration of the Plan. *See, e.g.*, *Nicosia*, 834 F.3d at 231 ("If . . . there is a dispute as to the relevance, authenticity, or accuracy of the documents relied upon, the district court may not dismiss the complaint with those materials in mind."); *Fangrui Huang v. GW of Flushing I, Inc.*, No. 17 Civ. 3181, 2019 WL 145528, at *6 (E.D.N.Y. Jan. 9, 2019) (declining to consider a notice because plaintiff disputed the notice's existence or that it was provided to him); *Davis v. McCready*, 283 F. Supp. 3d 108, 117–18 (S.D.N.Y. 2017) (declining to consider medical record because plaintiff alleged he never received a copy of it); *Mbody Minimally Invasive Surgery*, 2016 WL 4382709, at *7 (declining to consider plan documents where plaintiffs objected to the authenticity of the documents).

Without the Plan, Defendant has no basis to assert that this action is time barred under the Plan's terms. *See Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015) ("Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate when a defendant raises a statutory bar, such as lack of timeliness, as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.") (internal quotation marks omitted).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED. The parties shall submit a joint proposed case management plan by April 3, 2019, and a letter stating whether the parties are willing to participate in a settlement conference with the assigned Magistrate Judge or mediation in the Court's mediation program.

The Clerk of Court is respectfully directed to close the motion at Docket Number 32.

Dated: March 13, 2019
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**